■ In the Matter of CITY OF JOHNSTOWN et al., Petitioners, v TOWN OF JOHNSTOWN, Respondent. [23 NYS3d 417]—

Lynch, J. Proceeding initiated in this Court pursuant to General Municipal Law § 712 to determine whether the proposed annexation of property now located in the Town of Johnstown to the City of Johnstown is in the overall public interest.

Petitioner Jovan Boljanac is the owner of a 7.4-acre parcel located in the Town of Johnstown, Fulton County, bordering the City of Johnstown, Fulton County. Boljanac also owns a contiguous, smaller parcel in the City. The Town parcel is unimproved, but Boljanac intends to subdivide the parcel and build 11 single-family houses that will be similar to the one already constructed on the contiguous land located in the City. In April 2012, after Boljanac's request for access to petitioner City of Johnstown's water and sewer services was denied, he petitioned the City and respondent, seeking to have the City annex the subject parcel. A joint hearing before the two municipalities was held in June 2012. The City adopted a resolution to approve the petition in August 2012.* In September 2012, respondent adopted a resolution to disapprove the petition after completing an environmental assessment form (hereinafter EAF) and issuing a positive declaration pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]).

In June 2013, the City commenced this proceeding to determine whether the proposed annexation was "in the overall public interest" (General Municipal Law § 712 [1]) and this Court permitted Boljanac to intervene as a petitioner (2013 NY Slip Op 80138[U] [2013]; see General Municipal Law § 712 [4] [b]). In its answer, respondent asserted an objection in point of law based on Boljanac's failure to comply with SEQRA. We appointed a three-judge referee panel (see General Municipal Law § 712 [6]) which, after visiting the property and hearing testimony, recommended that the petition be dismissed, without prejudice to refiling. In July 2015, respondent moved to dismiss the petition, or, alternatively, to confirm the referees' report to the extent that it recommended dismissal based on Boljanac's failure to comply with SEQRA.

---

* There is no record indication that the City conducted a State Environmental Quality Review Act review of the proposed annexation prior to adopting the approval resolution.

It is not disputed that the annexation of less than 100 acres is an "unlisted action" for SEQRA purposes (*see Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie*, 3 NY3d 508, 520 [2004]; 6 NYCRR 617.4 [b] [4]). Once respondent reviewed the EAF and determined "that the action [would] include the potential for at least one significant adverse environmental impact" (6 NYCRR 617.7 [a] [1]), Boljanac was obligated to submit an environmental impact statement (*see Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie*, 3 NY3d at 519). Although Boljanac claims that he attempted to comply by submitting a full EAF, this form is not a proper substitute for an environmental impact statement, which is a comprehensive document used to "facilitate[ ] the weighing of social, economic and environmental factors early in the planning and decision-making process" (6 NYCRR 617.2 [n]; *compare* 6 NYCRR 617.2 [m]). Accordingly, because respondent was unable to conduct a full review of the environmental impact of the proposed annexation and proposed specific use of the property, the petition must be dismissed (*see Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie*, 3 NY3d at 520-521).

Finally, in a proceeding pursuant to General Municipal Law § 712, this Court is authorized to make "its own adjudication and determination . . . on all questions presented to the referees" (General Municipal Law § 712 [10]). Here, the question presented to and decided by the referee panel was limited to the SEQRA issue. Our dismissal is without prejudice to a new application (*see* General Municipal Law § 712 [12]), and the record in this proceeding may be relevant to a future proceeding. Nevertheless, we defer decision with regard to the relevance and applicability of the current record to the referee panel assigned to hear any future proceeding (*see* General Municipal Law § 712 [7]).

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur. Adjudged that respondent's motion is granted, without costs, and petition dismissed.